## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARTHUR BURNHAM, | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **NO. 15-40031-DHH** |
| | ) | |
| DUDLEY DISTRICT COURT, et al., | ) | |
| Defendants | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| ARTHUR BURNHAM, | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **NO. 15-40032-DHH** |
| | ) | |
| SOUTHBRIDGE POLICE DEPARTMENT, | ) | |
| et al., | ) | |
| Defendants | ) | |

## MEMORANDUM AND ORDER
### September 28, 2015

**HENNESSY, M.J.**

For the reasons stated below, the Court (1) grants the motions for leave to proceed *in forma pauperis*; (2) directs the plaintiff to file an amended complaint; and (3) denies without prejudice the motion to toll.

### Background

Arthur Burnham ("Burnham"), who is currently incarcerated,[1] filed the two above-captioned complaints in which he alleges that he suffered extreme psychological harm after the defendants wrongfully shared a video tape of him undergoing a medical emergency.

The Court summarizes the factual allegations of the complaints, which are substantially similar. On March 1, 2012, Burnham was arrested and detained at the Southbridge Police Department. While at the police station, Burnham experienced an episode of urinary and bowel incontinency and he had a seizure. He was transported to the hospital. The emergency room

---

[1] At the time he filed the actions, Burnham represented that he was homeless. He later informed the Court that he is confined at the Worcester County Jail and House of Corrections.

doctor asked to see a copy of the holding cell surveillance video for medical diagnostic purposes. The Southbridge Police Department recklessly distributed the video in question to personnel of the Dudley District Court for amusement purposes and intentionally to cause Burnham emotional distress.

On March 5, 2012, Burnham was transported to the Dudley District Court.  While in the lobby, multiple court employees laughed at, made fun of, and picked on Burnham based on what they had seen in the video tape provided by the Southbridge Police Department.  When the plaintiff went to juvenile court for a three-day hearing, he was laughed at in open court by those present in the courtroom, including court personnel and state employees.  Burnham was laughed at and made fun by court personnel at every court appearance for a period of eight months.

In the fall of 2012, Burnham attempted suicide because he so greatly feared returning to the Dudley District Court and experiencing the continuing harassment.  For the same reason, he attempted suicide again in 2012.  On both occasions, the plaintiff received stitches and cited the harassment over the video tape as the impetus for the self-inflicted injuries.  In June 2013, December 2014, and February 2015, Burnham again attempted suicide, in each instance allegedly because of the emotional harm cause by the harassment over the video tape.  Burnham also attempted to engage members of the Southbridge Police Department so that he could commit, what he alleges was "suicide by police."

In one complaint, the title identifies "Southbridge Police Department et al." as the defendants, but the body of the complaint does not identify specific defendants.  The same is true as to the title of the second complaint, in which Burnham names the "Dudley District Court et al." as the defendants, but does not identify individual actors in the body of the complaint. Burnham seeks damages and an order removing the involved employees of the Southbridge Police Department and the Dudley District Court from their positions.  In one complaint, (C.A. No. 15-40031-DHH), he specifically refers to 42 U.S.C. § 1983.

Burnham seeks leave to proceed *in forma pauperis* in both cases, representing that he is

2

without any assets or income.  He has also filed a motion to toll the statute of limitations in Civil Action No. 15-40032-DHH.

**Discussion**

**I.      Motions for Leave to Proceed *In Forma Pauperis***

Upon review of the motions for leave to proceed *in forma pauperis*, the Court concludes that the plaintiff is without assets or income to pay the filing fees.  The Court therefore grants the motions.

**II.      Screening of the Complaints**

**A.      Court's Authority to Screen the Complaints**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  This statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court liberally construes Burnham's complaints because he is proceeding pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court will review the complaints with the assumption that Burnham is asserting claims under § 1983 against the Southbridge Police Department and Dudley District Court.

For the reasons set forth below, both of Burnham's complaints are subject to dismissal. However, some his claims may survive if he cures certain deficiencies through the filing of an amended pleading.  Should Burnham choose to pursue one or both of these actions, he must file an amended complaint.

**B.      Dudley District Court and Eleventh Amendment Immunity**

As a threshold matter, the Dudley District Court is not a proper defendant because a § 1983 claim cannot be brought against an agency of the Commonwealth of Massachusetts.

3

Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.  However, a state is not a "person" for purposes of § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the Dudley District Court is part of the judicial branch of the state government and therefore is an arm the state, *see* M.G.L. ch. 218, § 1, *et seq.*, Burnham's § 1983 claim against the Dudley District Court fails to state a claim upon which relief may be granted.

Further, any state tort claim against the Dudley District Court could not be pursued in a federal district court.  The Eleventh Amendment of the United States Constitution generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).  As an arm of the state, the Dudley District Court enjoys Eleventh Amendment immunity from tort claims that Burnham may be trying to assert because the Commonwealth of Massachusetts has not waived its immunity nor has Congress overridden it with regards such claims.  *See Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial court on the ground of Eleventh Amendment immunity); *Irwin v. Comm'r of Dep't of Youth Servs.*, 388 Mass 810, 821 (Mass. 1983) (Massachusetts Tort Claims Act does not waive Eleventh Amendment immunity of the state).

Thus, all claims against the Dudley District Court are subject to dismissal.  However, Burnham is not precluded from bringing appropriate claims against individuals employed at the Dudley District Court.  The above-described limitations on suing the Commonwealth of Massachusetts are not applicable to state employees acting in their individual capacities.

### C.     Southbridge Police Department

Section 1983 claims against the Southbridge Police Department are also subject to dismissal for failure to state a claim upon which relief may be granted.

As a threshold matter, the Southbridge Police Department is not a suable entity.  Under Massachusetts law, a municipal police department has no separate legal identity apart from the municipality that created it; a police department is merely an administrative arm of the municipality.  *See Henschel v. Worcester Police Dep't*, 445 F.2d 624, 624 (1st Cir. 1971) (per curiam); *Murphy v. Town of Natick*, 516 F. Supp. 2d 153, 158 (D. Mass. 2007).  Claims directed at the conduct of a police department must be brought against the municipality, which, in this case, is the Town of Southbridge (the "Town").

A municipality or other local government unit is a "person" within the meaning of § 1983.  *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978).  However, pleading a § 1983 claim against a municipality requires more than enumerating the alleged wrong-doings of its employees.  Only parties who have who have "participated in the conduct that deprived the plaintiff of his rights can be held liable" under § 1983.  *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 146, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)). Where the defendant is a municipality, the requirement of direct participation means that the plaintiff must show that the "execution of a government's policy or custom . . . inflict[ed] the injury."  *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).  A course of conduct within the governmental unit can rise to the level of an actionable "custom" when, although not authorized by law, the conduct is so longstanding and settled that it can be said to virtually constitute law.  *Id.* at 690-91.  For purposes of municipal liability under § 1983, "[o]ne way of establishing a policy or custom is by showing that 'a person with final policy making authority' caused the supposed constitutional injury."  *Rosaura Bldg. Corp. v. Mumicipality of Mayaguez*, 778 F.3d 55, 62 (1st Cir. 2015) (quoting *Rodriguez v. Municipality of San Juan*, 659 F.3d 168, 181 (1st Cir. 2011)) (internal quotation marks omitted).  In *Haley v.*

*City of Boston*, 657 F.3d 39, 51-53 (1st Cir. 2011), for example, the First Circuit found that the plaintiff's allegations that the Boston Police Department had a custom or policy of not producing exculpatory evidence to criminal defendants or training their officers to do so were sufficient to plead municipal liability under § 1983.

Here, Burnham has not alleged facts from which the Court may reasonably infer that the misconduct of the unidentified Southbridge police officers was the result of a policy or custom of the Town.  If Burnham would like to pursue § 1983 claims against the Town, he must clearly identify (1) the alleged unconstitutional conduct of the municipality's employees; and (2) how the employees' conduct was the result of a policy or custom of the Town.

Even if Burnham is unable to plead a § 1983 claim against the Town based on the unconstitutional conduct of the police officers, the plaintiff may still bring claims § 1983 claims against the individual police officers or other town employees for their own wrongful actions.

### D.      Filing of an Amended Complaint

If Burnham would like to pursue either action, he must file an amended complaint. Although Burnham filed separate complaints against the Southbridge Police Department and the District Dudley Court concerning the alleged misconduct of their respective employees, the claims are legally and factually related and even intertwined, such that it is in the interest of judicial efficiency to combine the two lawsuits.  *See* Fed. R. Civ. P. 20(a).  If Burnham elects to pursue claims against only one group of employees or the other, he may file an amended complaint only as to those individuals.  The Court is not requiring him to maintain claims against Town employees and employees of the Dudley District Court, but if he chooses to do so, he should assert all claims in a single amended complaint.

The amended complaint, which will completely replace the earlier-filed complaints,[2]

---

[2]"An amended complaint, once filed, normally supersedes the antecedent complaint." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).  "Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.'" *Id.* (quoting *Kolling v. Amer. Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003)).

must comply with Rule 8(a) of the Federal Rules of Civil Procedure.  This rule requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  *Id.* (quoting *Educadores*, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements."  *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).  Depending on the claims that Burnham is bringing, he may want to clearly identify which police officer or officers were involved in providing the videotape to employees of the Dudley District Court, which employee or employees of the Dudley District Court viewed the videotape without a legitimate purpose,[3] which employees of the Dudley District Court harassed him, and how and when they harassed him.

Where a plaintiff brings a claim against multiple defendants, the plaintiff must take care to present draft his complaint in such a manner that it is clear what the alleged factual allegations and legal claims are against each individual defendant.  Burnham cannot simply  refer to the

---

[3]It is well established that a person has a constitutional right to privacy, which includes "the individual interest in avoiding disclosure of personal matters."  *Whalen v. Roe*, 429 U.S. 589, 599 (1977).  Matters regarding one's body and state of health fall within the umbrella of this privacy right.  *See Doe v. New York*, 15 F.3d 264, 267 (2d Cir. 1994).  However, privacy rights, must often give way to considerations of public interest.  *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 574 (6th Cir. 2002); *Sterling v. Borough of Minersville*, 232 F.3d 190, 196 (3d Cir. 2000).  "[T]he fact that protected information must be disclosed to a party who has a particular need for it . . . does not strip the information of its protection against disclosure to those who have no similar need."  *Paul P. v. Verniero*, 170 F.3d 396, 402, 406 (3d Cir. 2000) (quoting *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 118 (3d Cir. 1987)); *see also Herring v. Keenan*, 218 F.3d 1171, 1180 (10th Cir. 2000) (prisoner has right to be free from disclosure of medical information to non-medical staff and other prisoners).

defendants collectively where it cannot be reasonable inferred that all the defendants engaged in the alleged misconduct. *See, e.g.*, *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a).)

Further, the factual allegations must describe specific actions. The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting in part *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In drafting the amended complaint, Burnham must keep in mind the requirement for § 1983 claims. As noted above, only individuals who participate in a constitutional violation may be sued under § 1983. "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 146, 156 (1st Cir. 2006) (quoting *Carmona v. Toledo*, 215 F.3d 124, 132 (1st Cir. 2000)). Thus, to state a § 1983 claim against a defendant who was not physically involved in the violation of the plaintiff's constitutional rights, the plaintiff must allege specific facts from which the Court may reasonably infer an affirmative link between the conduct of the defendant and the violation of the plaintiff's rights.

The Court also notes other provisions of the Federal Rules of Civil Procedure that are applicable to the drafting of a complaint. Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Burnham cannot use the phrase "et al." in the title of the amended complaint to refer to more than one defendant. For purposes of clarity, the

title of the amended complaint must include the name of all of the defendants.  In subsequent filings, Burnham may use the phrase "et al." in a document title instead of listing every defendant.  Finally, the claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

### III.    Motions to Toll Cause of Action

The motion to toll the causes of action is denied without prejudice.  Should Burnham's claims go forward and should the defendants move for dismissal based on the statute of limitations, Burnham may raise the issue of tolling of the limitations period at that time.  The Court notes that, in Massachusetts, the statute of limitations for § 1983 claims is three years.[4]

### Conclusion

For the foregoing reasons:

1.      The motions for leave to proceed *in forma pauperis* filed in the two actions are GRANTED.

2.      If Burnham wishes to prosecute either action, he must, within forty-two (42) days of the date of this order, file an amended complaint.  Failure to do so will result in dismissal of the actions.  Unless the amended complaint contains claims against only the Town and/or its employees, the amended complaint shall be filed in Civil Action No. 15-40031-DHH.

3.      The motion to toll is DENIED WITHOUT PREJUDICE.


SO ORDERED

    /s/ David H. Hennessy
DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE

---

[4]A claim under 42 U.S.C. § 1983 borrows the appropriate state governing limitations unless contrary to federal law.  *See Wilson v. Garcia*, 471 U.S. 261, 267 (1984).  The three-year statutes of limitations for actions for personal injury or civil rights violations, *see* M.G.L. ch. 260, § 2A or M.G.L. ch. 206, § 5B, apply here.  In other words, Burnham had three years from the time his claim accrued to bring a lawsuit thereon.  "A § 1983 claim accrues when a plaintiff knows or has reason to know of his injury."  *Poy v. Boutselis*, 352 F.3d 479, 483 (2003).